UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLE HOUZENGA,

       Plaintiff,

vs.

CASE NO.:

BUFFALO WILD WINGS, INC., a
Foreign For Profit Corporation,

       Defendant.     /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, NICHOLE HOUZENGA ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, BUFFALO WILD WINGS, INC., a Foreign Profit Corporation, ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, NICHOLE HOUZENGA, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in St. Johns County, Florida.

### PARTIES

1

4. At all times material to this action, Plaintiff was a resident of St. Johns County, Florida.

5. At all times material to this action, BUFFALO WILD WINGS, INC. was, and continues to be a foreign for Profit Corporation.

6. Specifically, Defendant lists their principal place of business as 5500 Wayzata Blvd, Suite 1250, Minneapolis, MN 55416. See Florida Division of Corporation www.Sunbiz.org

7. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business, among other counties, in St. Johns County, Florida.

8. Specifically, Defendant operates a Buffalo Wild Wings located at 318 SR 312, St. Augustine, Florida 32806.

9. From approximately April 2004 until her termination on May 24, 2019, Plaintiff was employed by Defendant most recently as Assistant General Manager at the St. Augustine location.

10. At the time of her termination, Plaintiff was compensated at an annual salary of approximately $52,000.

11. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

12. At all times material to this action, Defendant was, and continues to be, "employers" within the meaning of the FMLA.

13. BUFFALO WILD WINGS, INC. is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more

employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

14. At all times relevant hereto, Plaintiff worked at a location where BUFFALO WILD WINGS, INC. employed 50 or more employees within a 75 mile radius.

15. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FMLA ALLEGATIONS

16. At all times relevant to this action, BUFFALO WILD WINGS, INC. failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA. Defendant discriminated and retaliated against Plaintiff because she was seeking and/or sought FMLA leave.

17. During her employment with Defendant, Plaintiff had a disability that was open and apparent to her coworkers and supervisors.

18. Specifically, in approximately April 2018, Plaintiff notified management that she would be required to undergo a hysterectomy surgery related to her disability.

19. In approximately April 2018, Plaintiff requested FMLA leave related to her disability and was approved by Defendant on April 10, 2018.

20. Per her FMLA request, Plaintiff was approved for leave from April 10, 2018 through May 28, 2018. See Exhibit "A"

21. Unfortunately, due to unforeseen health complications, Plaintiff was unable to proceed with the hysterectomy as planned and would need to be rescheduled.

22. As a result, Plaintiff was cleared to return to work without restrictions on April 13, 2018. See Exhibit "B"

23. In May 2018, Plaintiff discovered she was pregnant.

24. Due to pregnancy related complications, Plaintiff requested FMLA leave on or about June 28, 2019. See Exhibit "C"

25. At the time, Plaintiff had 11.2 weeks of FMLA available for her to use. *Id*

26. Plaintiff was approved for FMLA leave from June 27, 2018 through July 27, 2018 and indeed used said leave. *Id*

27. In approximately late July 2018, Plaintiff returned to work for Defendants in a limited capacity. Specifically, Plaintiff was covering "open shifts", or shifts that needed covering due to call outs, employee terminations, or other unforeseen circumstances.

28. On or about November 24, 2018, Plaintiff applied for FMLA for the birth of her child.

29. Plaintiff was approved for FMLA and was provided a return to work date of February 5, 2019.

30. Finally, Plaintiff applied to use the remaining balance of her FMLA in an effort to proceed with the previously cancelled hysterectomy surgery.

31. Plaintiff was approved for the above FMLA request and was provided a return to work date of May 20, 2019.

32. Plaintiff had a hysterectomy surgery as outlined in her final FMLA request.

33. On May 22, 2019 Plaintiff met with her physician and was told she needed an additional two (2) weeks off work, through June 4, 2019, to recover.

34. Plaintiff relayed the above doctor's orders to Defendant and sought the additional two weeks off to recover from surgery.

35. On or about May 24, 2019, Defendant notified Plaintiff explaining that her position was being filled due to her requesting too much time off.

36. As a result, Plaintiff was terminated from her employment with Defendant.

## COUNT I
## FMLA - RETALIATION

37. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 36, above, as if fully set forth herein.

38. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right to take leave from work that was protected under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff was terminated due to FMLA leave and her health condition(s).

40. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking and/or exercising time off work under the FMLA.

41. At all material times relevant to this cause of action Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, and sought FMLA time off at various times in 2018 and 2019.

42. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

45. Defendant's violation of the FMLA was willful, as its manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, NICHOLE HOUZENGA, demands judgment against Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 2 day of August, 2019.

Respectfully submitted,

/s/ Matthew R. Gunter

Matthew R. Gunter, Esquire
FL Bar No.: 00077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Ste. 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel: 407-236-0946
Fax: 407-867-4791
E-mail: MGunter@forthepeople.com
*Trial Counsel for Plaintiff*